**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **DANIEL PENA,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | |
| | § | **EP-25-cv-00335-KC-RFC** |
| **CLIFF VIESSMAN, INC. and JOHN DOE,** | § | |
| | § | |
| | § | |
| *Defendant*. | § | |

## REPORT AND RECOMMENDATION

Before the Court is Defendant Cliff Viessman, Inc.'s Motion to Dismiss Under Rule 12(b)(6) [hereinafter "Mot."], ECF No. 9. This case was assigned to United States District Judge Kathleen Cardone, who then referred the Motion to the undersigned Magistrate Judge. For the reasons set forth herein, the Court **RECOMMENDS** the Motion be **GRANTED**.

### I.   BACKGROUND

This case arises from a motor vehicle collision alleged to have occurred between a vehicle operated by Plaintiff Daniel Pena and a commercial vehicle operated by Defendant John Doe. Def. Cliff Veissman, Inc.'s Notice of Removal, Ex. A. at 4 [hereinafter "Pet."], ECF No. 1-3. Plaintiff alleges that Defendant Doe "negligently rear-ended" Plaintiff's vehicle and "fled the scene with complete disregard to the incident, the property damages, and the injuries he may have caused." *Id.* Plaintiff further claims that Defendant Doe was, at the time of the accident, acting within the scope of his employment with Defendant Cliff Viessman, Inc. ("CVI"). *Id.*

## II.    LEGAL STANDARD

To survive a motion to dismiss, a complaint or petition "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)), and to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests," *Swierkiewicz v. Sorema N. A*., 534 U.S. 506, 507 (2002) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)).  A claim is plausible where the facts alleged by plaintiff "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

For the purposes of ruling on a motion to dismiss, a court must accept "all well-pleaded facts as true and must consider those facts in the light most favorable to the plaintiff." *Romero v. City of Grapevine, Tex*., 888 F.3d 170, 176 (5th Cir. 2018) (citing *Stokes v. Gann*, 498 F.3d 483, 484 (5th Cir 2007)). While a challenged petition or complaint "does not need detailed factual allegations," it must present "more than labels and conclusions" to withstand dismissal. *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986)).  "[A] formulaic recitation of the elements of a cause of action will not do."  *Id.*

## III.    DISCUSSION

Plaintiff complains that Defendant CVI should be held liable for negligent entrustment, direct negligence, indirect negligence under the doctrine of respondeat superior, and gross negligence.  Pet. 6–9.  Defendant CVI moves to dismiss the claims Plaintiff brought against it for (1) negligent entrustment, (2) direct negligence, and (2) gross negligence, insofar as the gross negligence claim is alleged to arise from Defendant CVI's direct negligence.  Mot.

### A. Negligent Entrustment

To bring a claim for negligent entrustment, a plaintiff must allege sufficient facts to allow the court to draw a reasonable inference that the defendant: (1) owned and entrusted a vehicle; (2) "to an unlicensed, incompetent, or reckless driver;" (3) whom the defendant "knew or should have known to be unlicensed, [incompetent, or reckless,]"; (4) "that the driver was negligent on the occasion in question"; and (5) "that the driver's negligence proximately caused the accident." *Wright v. Weaver*, 516 F. App'x 306, 309 (5th Cir. 2013) (quoting *Schneider v. Esperanza Transmission Co.,* 744 S.W.2d 595, 596 (Tex. 1987)).

In support of the third element of his negligent entrustment claim, Plaintiff alleged only that "Plaintiff would show that Cliff Viessman Inc., knew or reasonably should have known that John Doe was an incompetent and/or reckless driver." Pet. 8. This bare recitation of the third element, not substantiated by any additional facts, fails to state a plausible claim for negligent entrustment. *See Salas v. United States*, 667 F. Supp. 3d 380, 389 (W.D. Tex. 2023) (holding allegation that Defendant "was negligent in entrusting" a vehicle to a driver who "Defendant "knew, or through the exercise of ordinary and prudent care, should have known . . . was an unskilled, incompetent and reckless driver...." failed to state a plausible claim for negligent entrustment).

The Court therefore **RECOMMENDS** Plaintiff's negligent entrustment claim brought against Defendant CVI be **DISMISSED WITHOUT PREJUDICE**.

### B. Direct Negligence

Plaintiff asserts Defendant CVI is directly liable for negligence under a number of theories, including negligence per se. Pet. 6–8. For direct negligence claims to survive a motion to dismiss, a plaintiff must set forth sufficient factual allegations suggesting: "(1) the defendant owed the

3

plaintiff a duty of care; (2) the defendant breached the duty; (3) the plaintiff suffered damages; and (4) the breach proximately caused the damages." *Ates v. B & D Contracting, Inc*., 487 F. App'x 201, 204 (5th Cir. 2012) (citing *Lloyd's Leasing Ltd. v. Conoco*, 868 F.2d 1447, 1449 (5th Cir. 1989)).

### 1. Negligence Per Se

"Negligence per se is a common law doctrine in which a duty is imposed based on a standard of conduct created by a penal statute rather than on the reasonably prudent person test used in pure negligence claims." *Babiy v. Kelley*, No. 05-17-01122-CV, 2019 WL 1198392, at *3 (Tex. App. Mar. 14, 2019) (citing *Smith v. Merritt*, 940 S.W.2d 602, 607 (Tex. 1997)). "An unexcused violation of a statute constitutes negligence per se if that statute was designed to protect the class of persons to which the injured party belongs and the injury is of a type the statute was designed to prevent." *Carr v. Transam Trucking, Inc.*, No. 3-07-CV-1944-BD, 2009 WL 773279, at *2 (N.D. Tex. Mar. 23, 2009) (citing *All Freight Systems v. James,* 115 Fed.Appx. 182, 184, 2004 WL 1739485 at *2 (5th Cir. Aug. 4, 2004)).

Here, Plaintiff claims Defendant CVI "violated multiple codes and statutes, including but not limited to" the following portions of the Federal Motor Carrier Safety Regulations ("FMCSR"):

a. Part 390—General Applicability inclusive of requirements for maintenance of an accident register, submission of an MCS-150 report to obtain a U.S. D.O.T. Identification Number, and marking of CMVs;
b. Part 391—Driver Qualifications;
c. Part 392—Operation Guidelines for CMVs;
d. Part 393—-CMV Parts and Accessories for Safe Operation;
e. Part 395—Driver Hours of Service; and
f. Part 396—-CMV Inspection, Repair, and Maintenance.

4

Pet. 7.[1]  Even assuming that a claim for negligence per se could arise from the cited portions of the FMCSR, *Almanzar v. Eaglestar*, No. EP-20-CV-117-KC, 2021 WL 7184209, at *3 (W.D. Tex. Dec. 21, 2021) (citations omitted) ("Texas courts have recognized negligence per se claims arising from some provisions of the FMCSR, but have held that other FMCSR provisions do not support a negligence per se instruction."), Plaintiff's negligence per se theory lacks the specificity and factual support necessary to survive dismissal.

Courts within this district have "routinely dismissed plaintiffs' negligence per se claims for failure to state a plausible claim for relief when they did not identify in their pleadings specific statutes that a defendant allegedly violated," *Ordonez v. Ausby*, No. EP-21-CV-00077-DCG, 2023 WL 310442, at *8 (W.D. Tex. Jan. 18, 2023) (collecting cases), as such petitions are viewed to deny defendants "fair notice of what the[] claim is and the grounds upon which it rests," *id.* (quoting *Iqbal*, 556 U.S. at 698–99) (citing *Estrada v. Indus. Transit, Inc.*, No. 4:16-CV-013-DAE, 2016 WL 10967300, at *2 (W.D. Tex. Aug. 8, 2016)).  While in rare scenarios, a petition which fails to identify a statute or regulation with specificity may be held to provide the required notice, such a petition can only survive where it sets forth sufficient allegations of "particular conduct that clearly violates a statute or regulation." *Id.* at *9 (citing *Welch v. Loftus*, 776 F. Supp. 2d 222, 225–26 (S.D. Miss. 2011)) (further citation omitted).

Each of the cited parts of the FMCSR contain multiple regulations and govern countless vehicle-related scenarios, actions, and omissions.  Plaintiff's broad references to motor safety code cannot be said to place Defendant CVI on notice of the specific unlawful conduct it is alleged to have engaged in.  *See Estrada*, 2016 WL 10967300, at *2 ("In Texas, where statutes contained

---

[1]    The Petition does not identify which regulatory framework each "part" falls within.  However, in light of Plaintiff's Response, the Court understands the provisions to refer to the FMCSR.  *See* Pl.'s Resp. Def.'s 12(b)(6) Mot. Dismiss 4,  ECF No. 17.

within the Transportation Code govern over 100 roadway scenarios and impose both absolute duties and the reasonable person standard, failure to cite a specific statute fails to adequately put Defendant on notice about the legal nature of the negligence per se claim.").  Nor do the allegations set forth in the Petition clarify how Defendant CVI is alleged to have failed to comply with law, such that Defendant CVI could otherwise be placed on notice of a particular violation. Accordingly, Plaintiff fails to plausibly state a claim for direct negligence under a negligence per se theory.

### 2.  *Remaining Theories of Direct Negligence*

In support of her direct negligence claim, Plaintiff also asserts that Defendant CVI's negligent acts or omissions "consisted of, but [are] not limited to" (1) negligent hiring; (2) negligent retention; (3) negligent training; (4) negligent monitoring and supervision; (5) "[n]egligent implementation and enforcement of adequate safety procedures and policies"; and (6) "[n]egligent maintenance and repair of equipment, tools, machines and vehicles."  Pet. 6–7.[2]

While it may be true that an employer has a general duty to adequately hire, retain, and oversee its employees, Plaintiff has not sufficiently alleged that this duty was breached.  Plaintiff has not claimed that Defendant was aware of any traits or aspects of Defendant Doe's background that would lead a reasonable employer to believe that Defendant Doe was unfit for the work he was hired to complete. Nor has Plaintiff alleged that a reasonably prudent employer would have implemented greater supervision, training, safety enforcement, or equipment maintenance. Indeed, Plaintiff does not identify or specifically allege the inadequacy of any oversight, safety, or hiring procedures followed by Defendant CVI.  Absent factual allegations to support Plaintiff's

---

[2]      Plaintiff also asserts that Defendant CVI's "negligent entrustment" constituted direct negligence. Pet. 6.  As provided herein, *see supra* Section III.A., Plaintiff has failed to sufficiently allege that Defendant CVI negligently entrusted a vehicle.

assertion that Defendant CVI breached its duty of care, the Court does not find that Plaintiff stated a claim for negligence under the remaining theories of negligence. *See, e.g., Doe 12 v. Baylor Univ.*, 336 F. Supp. 3d 763, 788 (W.D. Tex. 2018) (dismissing negligent hiring, training, and supervision claim where defendant failed to allege sufficient facts to indicate there was "[some]thing in the employee's background that would cause a reasonable employer not to hire or retain the employee" or that "a reasonably prudent employer would have provided training beyond that which was given and that failure to do so caused his injuries") (quoting *Dangerfield v. Ormsby*, 264 S.W.3d 904, 912 (Tex. App. 2008)).

The Court therefore **RECOMMENDS** Plaintiff's claim for direct negligence brought against Defendant CVI be **DISMISSED WITHOUT PREJUDICE**.

### C. Gross Negligence

"A finding of negligence is a prerequisite to a finding of gross negligence." *Kovaly v. Wal-Mart Stores Texas, L.L.C.*, 627 F. App'x 288, 289 n.1 (5th Cir. 2015) (quoting *Gonzalez v. VATR Constr. LLC,* 418 S.W.3d 777, 789 (Tex.App.–Dallas 2013, no pet.)). Accordingly, any claim for gross negligence which is predicated on a direct negligence claims brought against Defendant CVI must be dismissed, because Plaintiff failed to state an underlying claim for direct negligence.

The Court thus **RECOMMENDS** Plaintiff's gross negligence claim be **DISMISSED WITHOUT PREJUDICE**, to the extent the gross negligence claim derives from a direct negligence claim asserted against Defendant CVI.

### IV.    CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** Defendant Cliff Viessman, Inc.'s Motion to Dismiss Under Rule 12(b)(6), ECF No. 9, be **GRANTED**.

It is **FURTHER RECOMMENDED** that the Court:

1. **DISMISS** the negligent entrustment claim brought against Defendant CVI **WITHOUT PREJUDICE**;

2. **DISMISS** the direct negligence claim brought against Defendant CVI **WITHOUT PREJUDICE**; and

3. **DISMISS** the gross negligence claim brought against Defendant CVI **WITHOUT PREJUDICE,** to the extent that the claim arises from the alleged direct negligence of Defendant CVI.

**SIGNED** this 16th day of January, 2026.

**ROBERT F. CASTAÑEDA**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THE FOREGOING REPORT, WITHIN FOURTEEN DAYS OF SERVICE OF SAME, MAY BAR DE NOVO DETERMINATION BY THE DISTRICT JUDGE OF AN ISSUE COVERED HEREIN AND SHALL BAR APPELLATE REVIEW, EXCEPT UPON GROUNDS OF PLAIN ERROR, OF ANY UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS AS MAY BE ACCEPTED OR ADOPTED BY THE DISTRICT COURT.**